MR. JUSTICE HUNT,
concurring in part and dissenting in part:
I concur .in part and dissent in part. I concur with the majority’s conclusion that this case be remanded on the issue of the lesser included offense. I dissent in part because of the majority’s unsupported and unwarranted intrusion into the protections afforded by the Fourth Amendment of the United States Constitution and Article II, Section 11 of the Constitution of the State of Montana.
The Fourth Amendment clearly provides that no warrant shall issue without “particularly describing the place to be searched, and the persons or things to be seized.” Similarly, Article II, Section 11 of the Montana Constitution requires that:
“[n]o warrant to search any place, or seize any person or thing shall issue without describing the place to be searched or the person or thing to be seized . . .”
*509 Despite these constitutional mandates, the following search warrant was issued:
“THE STATE OF MONTANA TO RICHARD WEVLEY, CUT BANK CITY POLICE OFFICER:
“A sworn application having been made before me by Richard Wevley, Cut Bank City Police, that he has reason to believe that at Treasure State News on west main street in Cut Bank, Mt. in a package or parcel addressed to any or all of the following, to wit: Baley [sic] Peterson . . .
“That I am satisfied that there is probable cause to believe that the property, evidence and contraband above describded [sic] is upon and in the package or parcel at Treasure State News said parcel or package described above.
“You are hereby commanded to serve this warrant and to search the described Treasure State News and the above described package or parcel for the evidence, contraband and property specified and if the property, evidence and contraband is found, you are to seize it along with any other contraband, property, and evidence of crimes which you may find . . .”
This warrant fails to describe with particularity the contraband to be seized. Nevertheless, under today’s ruling, the majority allows the State to use in its case-in-chief evidence obtained pursuant to an admittedly defective warrant. Not only does this “exception” to the particularity requirement lack any constitutional basis, it represents bad policy.
The majority seems to base its holding on the combination of two factors. The first is the search warrant application described with particularity that which was to be seized. And second, the same officer who submitted the search warrant application executed the search.
However appealing the majority’s holding appears at first glance, upon review it quickly becomes apparent this holding is based upon something other than the law. The majority relies upon the fact that Officer Wevley’s application for this warrant set forth with particularity that for which he sought authority to search. This is true but irrelevant. It is the search warrant itself, not the application, which provides the authority to conduct a search. Nowhere has it been argued that there exists any indication that the application was to be incorporated into the warrant. Without a valid authorization within *510 the four corners of the search warrant, the officer who conducted this search was without constitutional authority to do so.
Yet the majority remarkably combines these two documents to satisfy the requirement of particularity. There is simply neither any factual nor legal basis for this conclusion. Before today, I thought it well established that the requirement of particularity was an express constitutional command, not a mere technicality. Lo-Ji Sales, Inc. v. New York (1979), 442 U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920; Stanford v. Texas (1965), 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431. For an excellent discussion of this entire issue, see 468 U.S. 928, 104 S.Ct. 3430, 82 L.Ed.2d 702 (Mr. Justice Brennan dissenting to United States v. Leon (1984), 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 and Massachusetts v. Sheppard (1984), 468 U.S. 981, 104 S.Ct. 3424, 82 L.Ed.2d 737.
The majority further bases its holding on the fact that the same officer both applied for the warrant and executed the search. Again, this circumstance should have no bearing on the legal issues at hand. Our state and federal constitutions require that before a search warrant may be executed, an officer must obtain prior judicial authority from a neutral and detached magistrate. It is this requirement of prior judicial authority which was designed to protect our individual constitutional liberties by defining precisely the conditions under which governmental agents could search private property. To insure continued protection of our individual rights, we must recognize this; we cannot rely upon the self-restraint of any governmental agency.
For the sake of simple expediency, the majority has sacrificed basic constitutional protections to the lure of convicting criminals. With scant discussion and absolutely no authority, the majority has created a remarkable exception to the Fourth Amendment to the United States Constitution and to Article II, Section 11 of the Montana Constitution. The majority ignores the fundamental constitutional importance of what is at stake here.